IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULIUS WOOLFOLK** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **NEAL K. MECHLING, et al.** | : | NO. 02-7211 |

<u>**MEMORANDUM AND ORDER**</u>

**Kauffman, J.**                                                                                        **March 8, 2006**

Now before the court is the <u>pro se</u> Petition of Julius Woolfolk ("Petitioner") for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated in Pennsylvania State Correctional Institution Mahoney. For the reasons that follow, the Petition will be denied.

**I.      Procedural History**

On October 10, 1997, Petitioner was arrested and charged with the rape of his fourteen year old biological daughter and other related offenses. On October 21, 1998, Petitioner entered a negotiated guilty plea to charges of rape and corrupting the morals of a minor. The Court of Common Pleas of Philadelphia accepted the guilty plea and Petitioner was sentenced to not less than five but not more than ten years imprisonment. On October 27, 1998, Petitioner timely filed a motion to withdraw his guilty plea. The trial court denied this motion without a hearing. Petitioner did not file a direct appeal.

On March 19, 1999, Petitioner filed a <u>pro se</u> motion for collateral relief pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541, <u>et seq.</u> On September 29, 1999, court-appointed counsel filed a "no merit" letter pursuant to <u>Commonwealth v. Finley</u>,

550 A.2d 213 (Pa. Super. 1988) (en banc). On November 10, 1999, the Court of Common Pleas issued a notice of intent to dismiss pursuant to Pa. R. Crim. P. 1507.[1] However, based upon an amended petition for post-conviction relief, the Court of Common Pleas reinstated Petitioner's appellate rights nunc pro tunc on October 10, 2000.

On November 14, 2000, the Court of Common Pleas affirmed the judgment of sentence without a hearing. Petitioner appealed and the Superior Court affirmed on August 14, 2001. See Commonwealth v. Woolfolk, 785 A.2d 1038 (Pa. Super. 2001). The Pennsylvania Supreme Court denied allocatur on March 28, 2002. See Commonwealth v. Woolfolk, 796 A.2d 983 (Pa. 2002).

On September 9, 2002, Petitioner filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He advances four arguments as grounds for relief:

1) Trial counsel deliberately sent Petitioner's primary defense witness home, resulting in coercion of his plea.

2) Trial counsel deliberately assisted the State in the denial of Petitioner's Sixth Amendment right to confrontation

3) The State illegally relied upon DNA evidence never tested by the defense.

4) Trial Counsel's failure to allow a witness to testify in Petitioner's defense amounts to a constructive denial of counsel.

See Petition for Habeas Corpus at 9-10. Petitioner filed a supplemental memorandum in support of his motion on July 31, 2003, in which he reiterates and expounds upon claims one, two, and

---

[1] Pa. R. Crim. P. 1507 has been renumbered Pa. R. Crim. P. 907. Rule 907 states "the judge shall promptly review the petition...If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to any post-conviction collateral relief...the judge shall give notice to the parties of the intention to dismiss the petition..."

four as asserted in the original petition.  See Supplemental Submission with Memorandum of Law at 2-3.

The Court requested United States Magistrate Judge Carol Sandra Moore Wells to submit a Report and Recommendation.  See 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Wells recommended that the Court deny the Petition on the ground that all of Petitioner's claims are procedurally defaulted.  Because Petitioner has objected to the Report and Recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[2]  28 U.S.C. § 636(b)(1)(C).  Having reviewed the Report and Recommendation and Petitioner's Objections thereto, the Court will approve and adopt the Report and Recommendation.

## II.     Exhaustion and Procedural Default

A district court may grant habeas corpus relief only if a petitioner meets the burden of proving that he has exhausted all state remedies available to him with respect to each discrete allegation or is excused from doing so.  28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 519 (1982).  A claim is exhausted if it has been "fairly presented" once to the state's trial court, intermediate appellate court, and highest court.  Evans v. Court of Common Pleas, Delaware County, Pennsylvania, 959 F.2d 1227, 1230-31 (3d Cir. 1992) (citing Picard v. Conner, 404 U.S. 270, 275 (1971)).

The fair presentation requirement is met when the claim presented in the state court is the "substantial equivalent" of the claim asserted in the petitioner's federal habeas petition.  Picard,

---

[2]     Petitioner makes no specific objections and merely lists four cases that, in fact, support the reasoning of Magistrate Judge Wells' report.

3

404 U.S. at 278.  See also Lesko v. Owens, 881 F.2d 44, 50 (3d Cir. 1989) (citing Picard), cert. denied 110 S.Ct. 759 (1990).  Moreover, "[it] is not enough that all the facts necessary to support the federal claim were before the state courts...or that a somewhat similar...claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982).  Generally, a petitioner must return to the state courts to present the unexhausted claim for collateral review before he can obtain federal habeas review. Rose, 455 U.S. at 522. However, a federal habeas court may excuse petitioner's failure to exhaust his claim if state court review is now "clearly foreclosed."  See Doctor v. Walters, 96 F.3d 675, 681 (3d Cir. 1996); Peterson v. Brennan, 1998 WL 470139, *4 (E.D. Pa. Aug. 11, 1998) (both citing Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993)).

  Furthermore, the habeas court must "ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts[.]" O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999) (emphasis in original).  A petitioner "properly exhausts" his state court remedies only when he gives "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  Id. at 845. This requirement affords the state system a chance to fully review the merits of the petitioner's claim that his conviction was constitutionally defective before he can present that claim to federal courts.  Id.

  When the state courts deny a petitioner's claims on procedural rather than substantive grounds, there has not been a full opportunity to resolve the petitioner's claims on the merits. Exhaustion in such a case is therefore improper, and the petitioner's failure to comply with state procedural requirements constitutes a procedural default, which acts as a bar against

4

federal habeas relief.  Bronshtein v. Horn, 404 F.3d 700, 707 (3d Cir. 2005).

### III.     Analysis

As Magistrate Judge Wells found, the four grounds for relief presently asserted by Petitioner substantively differ from the claims that were presented to the courts of the Commonwealth.  In his PCRA attack, Petitioner asserted two grounds for relief:

> 1) whether the trial court erred in denying his Petition to Withdraw his Guilty Plea because:
> a) Petitioner asserted he was innocent of the charges
> b) the trial court did not tell Petitioner, during the oral plea colloquy, that he had a right to file a petition to withdraw his guilty plea
> c) there was no showing that the Commonwealth would have been prejudiced by a withdrawal of the plea
> d) Petitioner was not using the plea as a sentence testing device
>
> 2) whether the trial court abused its discretion in denying Petitioner a hearing on his petition to withdraw the guilty plea, thus denying Petitioner an opportunity to establish manifest injustice.

See Commonwealth v. Woolfolk, No. 3189 Appeal from J. of Sentence entered on October 21, 1998 in the Court of Common Pleas of Philadelphia County at 3 (Super. Ct. of Pa. August 14, 2001).  These claims are entirely different from the four claims that Petitioner now asserts in his federal petition.

Despite the fact that the state courts did not have the opportunity to review Petitioner's claims on the merits, Magistrate Judge Wells properly found that state court review is now foreclosed because the PCRA requires that all subsequent petitions be filed within one year of the date the judgment becomes final.  42 Pa.C.S.A. § 9545(b)(1).  A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking

the review." 42 Pa. C.S.A. § 9545(b)(3). Magistrate Judge Wells found that because Petitioner failed to appeal within thirty days of sentencing, his conviction became final on November 20, 1998. Thus, the time period in which he could file any subsequent PCRA appeal expired on November 20, 1999.

In addition, Petitioner has failed to meet the standard of making "a strong prima facie showing...[of] a miscarriage of justice...which no civilized society can tolerate," which is required to maintain a second PCRA petition. Commonwealth v. Lawson, 549 A.2d 107, 112 (Pa. 1988). Since Petitioner is now procedurally foreclosed from affording Pennsylvania courts the opportunity to consider the merits of any of the four claims he has raised before this Court, these claims are procedurally defaulted.

This Court must dismiss a procedurally defaulted claim unless Petitioner demonstrates "cause" for the default and "actual prejudice as a result of the alleged violation of federal law," or that failure to consider the claim will result in a "fundamental miscarriage of justice." "Cause" sufficient to excuse procedural default requires a showing that some objective factor, outside of Petitioner's or his counsel's control, prevented compliance with state procedural rules. See Murray v. Carrier, 477 U.S. 478, 488 (1986). "Actual prejudice" occurred if an error caused Petitioner "actual and substantial disadvantage." See U.S. v. Frady, 456 U.S. 152, 170 (1972). The burden of proof falls on Petitioner to establish both cause for the default and prejudice resulting therefrom. See Teague v. Lane, 489 U.S. 288, 298 (1989); Coleman, 501 U.S. at 754.

The miscarriage of justice exception "applies only to the case where the miscarriage is tied to the petitioner's actual innocence." Johnson v. Pinchak, 392 F.3d 551, 564 (3d Cir. 2004). To establish the requisite probability of actual innocence, the petitioner must show

6

that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  Schulp v. Delo, 513 U.S. 298, 327 (1995).

Under this standard, Petitioner's claims fail.  He has offered no explanation or "cause" for his failure to pursue the instant claims through all levels of the state court system.  Nor has he offered new evidence which would result in a "fundamental miscarriage of justice" if his claims were not considered by this Court.

Petitioner's Brief in Opposition to the Report and Recommendation is completely devoid of any cognizable objections and merely offers four case citations in objection.  The cases he cites do not shed any light on what his objections may be and, in fact, support the reasoning that Magistrate Judge Wells employed in her Report and Recommendation. Petitioner cites Grey v. Hoke, 933 F.2d 117 (2d Cir. 1991), Gardner v. Pitchess, 731 F.2d 637 (9th Cir. 1984), Hollis v. Davis, 941 F.2d 1471 (9th Cir. 1991), and Granberry v. Greer, 481 U.S. 129, 131 (1987).  With the exception of Granberry, these cases stand for the proposition that a federal court may review a habeas petitioner's claims that have not been properly exhausted if petitioner can establish "cause" and "prejudice."  In Granberry, the Supreme Court held that an appellate court could review a petitioner's claims that had not been properly exhausted on the merits if exhaustion defenses were not first raised in the district court.  Id.  This, of course, has no bearing on this case.

After finding that Petitioner's claims were not properly exhausted and that it would be fruitless for him to present the claims in state court,  Magistrate Judge Wells reviewed the Petitioner's claims to determine whether Petitioner could establish "cause" and "prejudice" and therefore have his claims considered.  Magistrate Judge Wells found that Petitioner could not

meet this heavy burden. This Court agrees.

## IV.     Conclusion

For the foregoing reasons, the Court concludes that all of Petitioner's claims have been procedurally defaulted. Because he has failed to establish an excuse for that default, the petition will be denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIUS WOOLFOLK | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-7211 |
| | : | |
| NEAL K. MECHLING, et al. | : | |

### ORDER

**AND NOW**, this 8th day of March, 2006, upon consideration of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells (docket no. 22) and Petitioner's Objections thereto and after de novo review of the pleadings and record in this case, it is **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.

2. The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is **DENIED** and **DISMISSED**.

3. Because there is no probable cause to issue a certificate of appealability, no certificate of appealability shall issue.

BY THE COURT:

/s/ Bruce W. Kauffman
**BRUCE W. KAUFFMAN, J.**

9